UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| RAQUEL BRUBAKER, | ) | CIV. 13-5031-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

On August 7, 2007, Ms. Brubaker filed an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381.  (Administrative Record, p. 137).[1] An evidentiary hearing was held before an Administrative Law Judge ("ALJ #1") on May 20, 2009.  (Docket 21 at ¶ I(1)).  ALJ #1 issued his decision adverse to plaintiff on August 3, 2009.  Id.  The Appeals Council denied Ms. Brubaker's request for review.  Id.  Ms. Brubaker timely filed a complaint in district court.  Id. at ¶ I(2).  On March 30, 2011, the court entered an order reversing the decision of the Commissioner and remanding the case for

---

[1]The court will cite to information in the administrative record by referencing "AR, p. ____."  The parties filed a Joint Statement of Material Facts ("JSMF").  (Docket 21).

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) ("First Remand Order").  Id.; see also Docket 21 at p. 31, CIV. 10-5005-JLV.

On December 13, 2011, a second Administrative Law Judge ("ALJ #2") issued a decision denying plaintiff benefits.  (Docket 21 at ¶ I(3)).  The Appeals Council denied Ms. Brubaker's request for review.  Id.  Ms. Brubaker timely filed a second complaint in district court.  Id. at ¶ I(4).  On May 24, 2012, the court entered an order granting the Commissioner's unopposed motion for remand ("Second Remand Order").  Id.; see also Docket 16, CIV. 12-5012-JLV.

On April 9, 2013, the Appeals Council denied Ms. Brubaker's request for review, making the December 13, 2011, decision of ALJ #2 the final decision of the Commissioner.  (Docket 21 at ¶ I(5)).  It is from this decision Ms. Brubaker timely filed her third complaint in district court.  (Docket 1).

The Commissioner filed a motion for judgment and an order of reversal and requested a sentence four remand pursuant to 42 U.S.C. § 405(g).  (Docket 13).  Plaintiff resists the motion and files her own motion seeking to reverse the Commissioner's decision and requesting an award of benefits.  (Docket 24).

For the reasons set out below, plaintiff's motion is granted in part and denied in part and the Commissioner's motion is granted.

**FACTUAL AND PROCEDURAL HISTORY**

The parties' JSMF (Docket 21) is incorporated by reference. Further recitation of salient facts is included in the discussion section of this order.

**DISCUSSION**

This case is on appeal to the district court for the third time. Because of the unique content of the Commissioner's motion for remand, the court will limit its analysis to those matters necessary to justify remanding the case for a third time.

ALJ #1 found Ms. Brubaker had severe impairments, namely "Degenerative disc disease of the cervical spine status post cervical fusions, Obesity, Depression, and Anxiety Disorder." (Docket 21 at p. 6, CIV. 10-5005) (citing AR, p. 12). In determining a residual functional capacity ("RFC"), ALJ #1 "gave considerable weight to the January 2008 report of Richard Gunn" and "relied heavily on the testimony of Dr. Houston." Id. at pp. 10 & 12 (citing AR, pp. 13-14). ALJ #1 "chose to accept Dr. Houston's testimony and gave no weight to [treating psychiatrist] Dr. Garry's opinions." Id. at p. 16 (citing AR, pp. 17).

On March 30, 2011, the court completed a comparative analysis of the opinions of Dr. Houston and Dr. Garry and the medical record as a whole. Id. at pp. 12-22. The First Remand Order held "[i]n accordance with these conclusions, the ALJ must give Dr. Garry's opinions 'controlling

3

weight.'" Id. at p. 25 (citing 20 CFR § 404.1527(d)(2)). The court found "because . . . Dr. Garry's opinions are entitled to greater weight and consideration than Dr. Houston's conclusions, the ALJ's self-constructed RFC is likewise erroneous." Id. at p. 28 (referencing Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002)).

The court also found ALJ #1 "then judged Ms. Brubaker's testimony against an improperly developed RFC. . . . [and failed to] articulate how, if at all, Ms. Brubaker's subjective complaints of chronic pain are inconsistent with the medical records." Id. at pp. 28-29. Contrary to ALJ #1's faulty analysis, the court found "Ms. Brubaker's medical records show a course and pattern of severe, debilitating, chronic pain—through her cervical disk fusions and post-surgical residual pain, as well as her depression and anxiety disorder—and its impact on her physical and mental activities." Id. at p. 29. The court directed "Ms. Brubaker's subjective testimony of chronic pain and its effect upon her activities of daily living need to be examined in light of Dr. Garry's medical records and testimony, which the court has ruled are entitled to credibility and substantial weight." Id. at p. 31 (referencing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).

Based on its analysis and these conclusions, the court issued the following order:

> Pursuant to sentence four of 42 U.S.C. § 405(g), the court reverses and remands to the Commissioner for further administrative

4

> proceedings. Upon remand, the ALJ is instructed to consider Dr. Garry's findings and opinions, giving them greater weight than the report of Dr. Erickson or the testimony of Dr. Houston, and to further evaluate plaintiff's subjective complaints and provide rationale in accordance with 20 CFR § 404.1529 and Social Security Ruling 96-7p; give further consideration to plaintiff's maximum residual functional capacity in light of Dr. Garry's conclusions and provide an appropriate rationale with specific references in support of the assessed limitations; and if warranted, obtain supplemental vocational expert testimony.

Id. at pp. 31-32. The First Remand Order mandated "the case be reversed and remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with the decision set out above." Id. at p. 32.

Following the First Remand Order, ALJ #2 conducted an evidentiary hearing. (Docket 21 at ¶ I(3)). In a decision dated December 30, 2011, ALJ #2 concluded Ms. Brubaker had the following severe impairments: "degenerative disc disease of the cervical spine status post surgeries, degenerative disc disease of the lumbar spine, dysthymia,[2] and anxiety disorder NOS . . . ." (AR, p. 920).

Relevant to the court's conclusion that remand for a third time is required, ALJ #2 wrote "[w]hile the Court . . . instructed the [ALJ] to accord it greater weight on remand, the undersigned finds Dr. Garry's opinion

---

[2]Dysthymia is "[a] chronic mood disorder manifested as depression for most of the day, more days than not, accompanied by" other symptoms. Stedman's Medical Dictionary 122470 (27th ed. 2000).

5

unpersuasive and accords it little weight for several reasons." (AR, p. 927). ALJ #2 identified several areas in which he disagreed with the court's analysis and conclusion. Id. at pp. 927-28. ALJ #2 then defiantly declared "[a]lthough the Court instructed the undersigned to accord Dr. Garry's opinion greater weight than in the last hearing decision, the undersigned notes that the Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole . . . . Moreover, the Court's role is not to re-weigh the evidence; even if the Court would have decided the case differently, it cannot reverse the Commissioner's decision if it is supported by good reason and is based on substantial evidence . . . ." Id. at p. 928 (internal citations omitted).

Following Ms. Brubaker's appeal from the decision of ALJ #2, the Commissioner filed an unopposed motion seeking remand pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 12, CIV. 12-5012). In a supporting memorandum, the Commissioner sought remand to allow "further administrative action . . . including having the Appeals Council review and consider the written exceptions[3] that were timely filed by Plaintiff's attorney to determine whether those exceptions or any other

---

[3]Plaintiff's statement of written objections is dated January 18, 2012. (AR, pp. 872-877). The objections specifically focused, among other things, on the failure of ALJ #2 to adhere to the court's directive that "the ALJ *must* give Dr. Garry's opinions 'controlling weight.' " Id. at p. 872 (emphasis in original) (citing the First Remand Order at p. 25).

evidence provides a basis for review of [ALJ #2's] decision." (Docket 13 at p. 1, CIV. 12-5012). The court granted the Commissioner's motion and incorporated into the Second Remand Order the Commissioner's language about the administrative review which should occur. (Docket 16, CIV. 12-5012).

On April 9, 2013, the Appeals Council reaffirmed the December 13, 2011, decision of ALJ #2. (Docket 21 at I(5)). In choosing to not assume jurisdiction, the Appeals Council concluded:

> [Y]our representative contends that the District Court remand order [First Remand Order] directed that the Administrative Law Judge assign controlling weight to the opinion of Dr. Garry. However, the District Court remand specifically directs that the Administrative Law Judge to consider Dr. Garry's findings and opinions, giving them greater weight than the report of Dr. Erickson or the testimony of Dr. Houston [AR, p. 997]. The Administrative Law Judge did further consider the opinions of Dr. Garry, and provided adequate rationale for the weight assigned this opinion evidence. The Administrative Law Judge further evaluated your subjective complaints in light of Dr. Garry's opinions, and provided adequate rationale to support his credibility finding. . . .
>
> The Appeals Council notes that the Administrative Law Judge fully complied with the order of the District Court and the order of the Appeals Council. The Appeals Council concludes that these exceptions do not provide a basis for disturbing the Administrative Law Judge's decision.

(AR, pp. 1578-79).

In the initial memorandum in support of the Commissioner's motion for a third remand, the Commissioner only generally indicated that "upon

7

remand, the ALJ will be instructed to reassess plaintiff's residual functional capacity and provide rationale with references to evidence in the record in support of the assessed limitations; obtain evidence from a vocational expert; and take the actions set forth in the March 30, 2011 Order from the United States District Court, District of South Dakota."  (Docket 14 at p. 2).  In a second memorandum, the Commissioner more candidly acknowledged that "[i]n its March 2011 order remanding the case for further proceedings, the court directed the ALJ to give Dr. Garry's May 2009 opinion controlling weight[4] . . . ."  (Docket 25 at p. 4).  With this understanding, "[t]he Commissioner acknowledges that the ALJ did not follow the directive of the Court's remand order when he did not accord controlling weight to Dr. Garry's opinion."  Id. at pp. 5-6.

In the First Remand Order, the court did not suggest the ALJ should give Dr. Garry's opinion "greater weight on remand," but rather the court ordered that "<u>the ALJ must give Dr. Garry's opinions 'controlling weight</u>.' " (Docket 21 at p. 25, CIV. 10-5005) (citing 20 CFR § 404.1527(d)(2)) (emphasis added).  The Commissioner chose not to appeal the First Remand Order.  Therefore, the court's rulings became the law-of-the-case for the Commissioner and the ALJ to whom the case was assigned on remand.

---

[4]The Commissioner also acknowledged that Dr. Garry, Ms. Brubaker's treating psychiatrist, "opined in May 2009, that Brubaker had extreme and moderate restrictions in many areas . . . ."  (Docket 25 at p. 4).

8

"The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings.  This doctrine applies to administrative agencies on remand."[5]  Hulsey v. Astrue, 622 F.3d 917, 924 (8th Cir. 2010).  "The doctrine applies to decisions made by appellate courts and final decisions made by district courts that have not been appealed."  Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 830 (8th Cir. 2008).

    In plaintiff's statement of written objections, she also objected to ALJ #2's use of the Medical Vocational Guidelines ("the Grids").  (AR, pp. 876-77).  "It is well established that the Grids may not be used and vocational testimony is necessary when there are significant non-exertional limitations."  Id. at p. 876 (referencing Day v. Heckler, 781 F.2d 663, 665 (8th Cir. 1986).  The Appeals Council rejected this objection.  "[T]he record reflects that the Administrative Law Judge also took notice of Social Security Ruling 83-15 in support of his conclusion that your non-exertional limitations did not significantly erode the occupational job base available to you."  Id. at p. 1579.  Endorsing the use of the Grids by ALJ #2, the Appeals

---

[5]There was no new or additional evidence concerning a material improvement in Ms. Brubaker's physical and mental condition.  ALJ #2 was not "presented with substantially different evidence" so as to permit ALJ #2 to disregard the court's conclusion and directive.  Hulsey, 622 F.3d at 925.

Council concluded this exception did not warrant overturning the decision of ALJ #2.  Id.

The Commissioner now acknowledges Ms. Brubaker was correct and the Appeals Council was wrong.  "The Commissioner seeks remand because the ALJ erred in relying solely on the Grids. . . . Instead of consulting a vocational expert . . . [ALJ #2] applied [the Grids] . . . . This was error and further proceedings are necessary to obtain vocational expert testimony."  (Docket 25 at p. 5).  The Commissioner agrees the decision of ALJ #2 "is erroneous as a matter of law."  Id. at p. 6.  The Commissioner requests remand because "[t]he availability of jobs in the national economy <u>consistent with the abilities and limitations reflected in Dr. Garry's assessment</u> would have to be established by the testimony of a vocational expert."  Id. (emphasis added).

Ms. Brubaker objects to a third remand.  "Because of the obvious recalcitrance of the second ALJ and the comprehensive and clear terms of the District Court's 2011 Order, Claimant respectfully requests that this Court not remand this case again but rather reverse and award benefits."  (Docket 24 at pp. 6-7).

It is extremely frustrating for Ms. Brubaker, and for the court, after such a protracted period of remand and litigation, to have the Commissioner finally acknowledge the law-of-the-case rulings.  In addition, the

Commissioner makes a number of judicial admissions which the Appeals Council should have acknowledged and used to vacate the decision of ALJ #2 a year ago. These judicial admissions now are binding on the Social Security Administration. "As a rule, '[a]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended.' " Missouri Housing Development Commission v. Brice, 919 F.2d 1306, 1314 (8th Cir. 1990) (citing Scott v. Commissioner, 117 F.2d 36, 40 (8th Cir. 1941)). "[J]udicial admissions are binding for the purpose of the case in which the admissions are made including appeals." State Farm Mutual Automobile Insurance Co. v. Worthington, 405 F.2d 683, 686 (8th Cir. 1968).

The court may affirm, modify or reverse the Commissioner's decision, with or without remand to the Commissioner for a rehearing. 42 U.S.C. § 405(g). If the court determines that the "record overwhelmingly supports a disability finding and remand would merely delay the receipt of benefits to which the plaintiff is entitled, reversal is appropriate." Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992).

The court finds the administrative record is not yet complete. The court finds the Commissioner must determine Ms. Brubaker's RFC "consistent with the abilities and limitations reflected in Dr. Garry's assessment" and then, through testimony of a vocational expert, establish

11

whether Ms. Brubaker is employable in the national economy.  (Docket 25 at p. 6).  The Commissioner's judicial admissions should expedite Ms. Brubaker's claim to a final resolution.

## CONCLUSION

For all the reasons stated above, the court finds the decision of ALJ #2 dated December 13, 2011, violated the court's order of March 30, 2011. The determination Ms. Brubaker is not disabled is not supported by substantial evidence.  42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006) ("Substantial evidence is evidence that a reasonable mind would find adequate to support the decision of the Commissioner."). As a result, the court finds the matter must be remanded for further proceedings in accordance with the order of March 30, 2011, and consistent with this decision.

## ORDER

Based on the above discussion, it is hereby

ORDERED that plaintiff's motion to reverse the decision of the Commissioner (Docket 24) is granted in part and denied in part.

IT IS FURTHER ORDERED that the Commissioner's motion for remand (Docket 13) is granted.

IT IS FURTHER ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing consistent with the order of March 30, 2011, and this order.

Dated September 30, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE